The first case this morning is 5 220062 people versus Bobby Ford arguing for the defendant appellant is Deepa Punjabi arguing for the state appellee is Lucas Bowerman. Each side will have 10 minutes for the argument. The appellant will also have five minutes for rebuttal. Please note only the clerk is permitted to record these proceedings. Counselor, are you ready to proceed? Thank you. May it please the court. My name is Deepa Punjabi and I represent the defendant appellant Bobby Ford. Mr. Ford appeals his jury trial conviction for class two aggravated battery of a peace officer resulting from conduct that occurred during a physical altercation with courtroom security officers. This conduct essentially boiled down to Mr. Ford after being pushed to the floor, to him hoisting himself off the floor by grabbing officer Bullard's vest strap and hanging on to that vest strap to stabilize himself for a couple of seconds. For that behavior, he was convicted and sentenced to seven years in prison. Mr. Ford contends that under these facts, the state failed to prove that the physical contact that he made with officer Bullard was insulting or provoking. He also argues that the state failed to prove that his conduct was knowing. Instead, his conduct was at most merely reckless. For these reasons, the state failed to prove Mr. Ford guilty beyond a reasonable doubt of the offensive aggravated battery of a peace officer. Now, the state argues that Mr. Ford's yelling and angry behavior prior to his fall was proof that his conduct was knowing and that in pulling on officer Bullard's vest strap, Mr. Ford was deliberately trying to retaliate against officer Bullard for trying to arrest him. And it's certainly true that Mr. Ford was angry and hostile in his resistance to his arrest, but that's separate from the intent that he had in the specific conduct of pulling himself off the floor. The video footage shows what was really going on here. The video footage of this incident clearly shows Mr. Ford falling for a moment and using officer Bullard's chest strap to immediately pull himself up. And it's pretty clear from the video that Mr. Ford's pull on officer Bullard's vest strap is with the purpose of pulling himself off the floor, not with the purpose of being hostile or aggressive towards officer Bullard. And part of what we should be looking at here is the speed with which Mr. Ford immediately pulled himself off the floor using whatever was at hand, which in this case happened to be officer Bullard's vest strap. The speed with which he acted supports Mr. Ford's testimony that he was afraid of the police and shows that he was just trying to avoid a vulnerable prone position on the floor in his altercation with these officers. The speed with which he immediately pulled himself off the floor also supports the notion that this was reflexive action on Mr. Ford's part, intended to avoid injury rather than some sort of deliberate act of aggression. Now, as this court is well aware, as it relates to this offense, a person can be said to act knowingly if he is consciously aware that his conduct is of such nature that it is practically certain to result in insulting or provoking physical contact. Here, Mr. Ford's action of reaching his arm out and using officer Bullard's vest strap to pull himself off the floor and to hang on to that vest strap for a couple of seconds thereafter to stabilize himself, that is not the kind of conduct a person would be consciously aware is practically certain to result in insulting or provoking contact. At most, he disregarded a substantial and unjustifiable risk that his actions could insult or provoke, but of course that would constitute recklessness rather than knowing conduct. And again, I think the reflexive nature of this behavior as well as the brevity of this contact both tend to show Mr. Ford would not have been practically certain or wouldn't have known necessarily that this would be insulting or provoking contact. The state also failed to prove that this physical contact was in fact of insulting or provoking nature. The state points to officer Welch drawing his taser as proof that the officers were provoked by Mr. Ford pulling on officer Bullard's vest strap. But what officer Welch actually testified to is that he said he pushed forward causing him to fall on the ground and he said that he pushed him to get some separation from him so that he could draw his taser. And it was only after that Mr. Ford pulled himself up using officer Bullard's vest. So officer Welch had already determined he was going to pull his taser out before Mr. Ford had pulled on officer Bullard's vest. Was this before or after Mr. Ford struck officer Bullard and knocked his walkie-talkie off and his arm? So I think the testimony was his arm flew out. It's not clear that that was an intentional when he was kind of flailing around and his arm flew out and struck him in the chest. My reading of it was that he was resisting arrest. He was resisting being subdued by officer Bullard and the other officer and in doing so in a defensive move he was he was he reached out to get away from officer Bullard. And in that regard my question is though did officer Welch, is that right Welch, correct? Yes. Officer Welch, did he testify that he had Mr. Ford struck officer Bullard with that flailing arm? So I'm assuming that occurred before he fell to the ground. I believe the flailing arm, I'm not positive, but I believe the flailing arm occurred striking officer Bullard in the chest occurred before officer Welch pushed off of Mr. Ford in an effort to get some space to draw his taser out. Okay. I believe that's my recollection of the record. That was my cue, I just wanted to confirm it. Sure, yeah. In any case whether officer Bullard or officer Welch were actually insulted or provoked is not even really the question after people v Davidson because the Supreme Court has recently clarified that the question of whether physical contact is insulting or provoking is an objective determination. In people v Davidson the court held that it is the nature of the contact which is an objective inquiry and not the subjective impact on the victim that establishes whether there has been physical contact of an insulting or provoking nature. But even under this objective standard the state did not prove that Mr. Ford's conduct of pulling on officer Bullard's vest strap for three seconds constituted physical contact of an insulting or provoking nature. And part of what the Davidson decision held was that the specific factual context must be considered when determining if the physical contact was insulting or provoking in nature. And here the factual context we have is the defendant is resisting his arrest but the specific physical contact charged is with the purpose of trying to pull himself off the floor and catch his balance. This conduct does not have nearly the same hostility or aggressiveness or deliberateness that is inherent in the conduct in other cases cited by the state where insulting or provoking contact has been found. This contact in these cases includes contacts such as spitting, kicking, biting, a hard shove, throwing something at someone. And what all of these cases share in common is that there is a deliberate act of hostility or aggression directed at a specific person. It doesn't have to inflict any injury but it has to communicate some hostility or aggression. I think that is what a survey of the case law shows. And Mr. Ford's conduct of pulling on Officer Bullard's vest was not out of hostility but to pull himself off the ground to catch his balance. And it wasn't directed at Officer Bullard necessarily. I mean, Mr. Ford was reaching for whatever was nearby to pull himself off the floor that happened to be Officer Bullard's vest strap. Certainly while tugging on another person's clothing for a few seconds is to catch one's balance is conduct that is rude. It is conduct someone might find deeply annoying. But it doesn't rise to that level of felony liability, that standard of insulting or provoking contact. For that, I think you need something more. I think you need that deliberate act of aggression. And that's not what we have here. And so I don't think that the standard of insulting or provoking contact has been met here. The conduct certainly doesn't justify a seven-year prison sentence. Were there any other questions that I could answer for this court? Well, then for these reasons, we'd ask that this court grant reversal of Mr. Ford's aggravated battery conviction. Justice McKinney, any questions? No questions. Justice Barberis, any other questions? Not at this time. Thank you. We'll now hear from the appellee, Mr. Bowerman. You need to unmute. There we are. Thank you, Your Honor. Opposing counsel. May it please the court. My name is Lucas Bowerman, and I am here on behalf of the state authorized under Supreme Court Rule 711 for this hearing under the supervision of Michael Lennox. The state respectfully asks this court to affirm the defendant's conviction for aggravated battery. Michael Lennox is online with you today. Is that true? Yes, that is. The state respectfully asks this court to affirm the defendant's conviction for aggravated battery as the record and evidence demonstrates a pattern of continual aggressive and disruptive behavior that shows the defendant knowingly made contact in an insulting or provoking nature. Now, to sustain a conviction on an aggravated battery charge, the state must prove beyond a reasonable doubt that the defendant made physical contact with an insulting or provoking nature with a peace officer performing his official duties. Now, the only issues on this appeal are whether the contact was made knowingly and whether such contact was of an insulting or provoking nature. Now, the defendant on appeal challenges the sufficiency of the evidence, and the appellate court should not reverse this conviction unless the evidence is so improbable, unsatisfactory, or inconclusive that it creates a reasonable doubt of the defendant's guilt. Now, turning to the first element here, whether the contact was made knowingly, the surrounding circumstances of this case, including the defendant's frustration and aggravated behavior prior to the battery, demonstrate that the contact here was made knowingly. For aggravated battery, knowledge requires that a person be consciously aware that its conduct is practically certain to cause physical contact of an insulting or provoking nature. Now, there is case law, people be Jamison and people be Phillips that demonstrate the state can prove intent through circumstantial evidence, looking to the act itself and the circumstances surrounding it. Now, here, what really started this entire confrontation started from the defendant. After he was unable to have his traffic court hearing at the time he wanted, he then stormed off in the courtroom, and in the defendant's language, called the presiding judge a bitch as he walked away. The defendant's anger then continued to escalate after he was forced to re-enter the courtroom by the judge. The officers, Officer Bullard and Welch, asked him to remove his baseball cap, and the defendant said that then in that moment, he felt like there was going to be a problem with the police officers. He then was escorted back into the front of the courtroom, and was given verbal instructions to place his hands behind his back for contempt of court. This instruction was heard by all the officers and the presiding judge based on their testimony at trial. The defendant then claimed he was under attack by the officers by being forced to place his hands behind his back. And in response So what was he under contempt of court for? For calling the presiding judge the B word, your honor. That was the initial action that caused the escalation? Yes, yes, I would argue that. And then also the continuum of events. So the judge indicated that she was going to hold him in contempt? Yes, that is correct. She she indicated that she was going to hold him in I don't know whether it's Officer Welch or Bullard stated to the defendant to place his hands behind his back. And it was at that point that the defendant then pulled up his left shoulder did a 180 and turn to face the officers. And at that point, the officers attempted to subdue him. But then it was at that point that the defendant grabbed Officer Bullard's and pulled him to the ground. And it was at that point, they continued to struggle officer to the ground. Yes. So for himself went to the ground. So it was a it was a continuum. So he pulled on Officer Bullard's vest strap, they both ended up falling to the ground. And it was at that point that Officer Welch then took steps back and pulled out his taser. And it was only at that point that the defendant finally complied with the officers and put his hands above his head. So the confrontation then was a result of him calling the judge a name being held in contempt. And this tussle that ended up with him on the floor with the officer was a result of the officer trying to place him under arrest. Is that a correct summation? Yes, that is correct, Your Honor. And in doing so by grabbing him by the vest strap, both of them falling to the ground. It placed the defendant within arm's reach of the officer's firearm, taser, pepper spray, and other weapons at hand, which... Let me stop it for a second, just so that we're clear. With regard to the tussle, was Mr. Ford on the ground by himself originally and then pulled on Officer Bullard's vest strap and pulled Officer Bullard down with him? Or was Mr. Ford standing on his feet and grabbed the vest and then they both went to the ground? Yes, so it's a ladder. You've seen the video, correct? Yes, I've seen the video and I would also say that the jury saw the video on multiple occasions. They saw it during the trial and also deliberations. But the video does show that, yes, they were all standing. And when the officers tried to place his hands behind his back, that's when the defendant then and faced the officers. The officers and the defendant then had a scuffle and it was at that point that the defendant pulled on the vest strap of the officer, bringing them both to the ground. But Officer Welch testified that he pushed or shoved the defendant in order to create some space. Is that correct? Yes, that's correct, Your Honor. And that was the altercation immediately prior to the defendant pulling Officer Bullard's vest strap. So the shove that Officer Welch administered did not cause the defendant to go to the ground first? He shoved him and basically towards Officer Bullard and that's when he grabbed the vest and went and they both went to the ground? No, Your Honor. So, you know, it might have made him lose his balance temporarily, but it was the pulling on the vest that ultimately led to both of them being on the ground. I see. And when did the defendant strike Officer Bullard that dislodged his microphone and his name tag and his badge? Yeah, so that was right after the officers asked the defendant to place his hands behind his back. It was at that point that the defendant then swung his left arm over his shoulder and turned to face the officers. And it was at that point that he hit Officer Bullard on the chest, dislodging his name tag and his radio. When you say you characterize him as dropping his shoulder and swinging his arm and then turning to face the officers, was that in that motion, did he retreat? In other words, was he trying to get away from the officers or did he step towards the officers or did he hold his ground there? He held his ground there, Your Honor. Okay. Now, turning to the second element here, whether the contact was insulting or provoking in nature. It's true that the Supreme Court of Illinois recently decided people be Davidson, which tells us that whether the contact is insulting or provoking is an objective inquiry. Now, even if we were to take the defendant appellant's contention at face value, that only where contact is an act or aggression of one that would insult or disgust the person or a conscious act of aggression by the defendant directed at a specific person, the contact here in this case neatly fits within the description. It might not be that the defendant intended to place his hurt solely on Officer Bullard, but he definitely wanted to let the officers know he was not going to comply with his arrest. In doing so, he not only hit Officer Bullard, as I described before, but he pulled him to the ground with such force that it caused Officer Welch to step back and pull out his taser. Being put in this position is not only humiliating for an officer to have to endure, but it also provokes the peace and safety of the courtroom. Now, as I said before, the defendant was mere inches away from a range of weapons that could have maimed or injured the officers or others in the courtroom. The fact that the other officer, Welch, did not take lightly in pulling out his taser. In addition, the custodial nature of the setting in which the battery occurred demonstrates the contact was insulting or provoking. By the defendant defying a lawful order with the presiding judge, numerous courtroom witnesses presence and attorneys as the defendant insulted the integrity of the court and the officer himself and jeopardized the safety of those in the area. I see my time is expiring. Thank you, Your Honors. Anything else you need to say to sum up? In conclusion, I would just ask the court to affirm the conviction of this trial as the state has proved all elements beyond a reasonable doubt and the appellants have failed to create a reasonable doubt. And what's the standard of review on this case? Sufficiency of the evidence, Your Honor. Any questions, Justice McHaney? No questions. Justice Barberis? No, thank you. Rebuttal? Thank you, Your Honors. A quick point of clarification on the facts. I think, and of course, you'll be able to watch the video for yourself. But my recollection is that Mr. Ford pulled on Officer Bullard's vest strap in response to after he had been shoved and had either fully fallen on the ground or was in the process of falling to the ground. Let me stop you for a moment. That characterization definitely differs from what the brief says and what you argued earlier in regard to, he was on the ground, he grabbed the straps to pull himself up. If he's falling, he's not. I mean, I understand we're talking nuances here. And perhaps what was intended was that if he were falling to the ground, he grabbed the vest to keep from going to the ground, to keep himself upright. But it read, and I thought you argued fairly clearly, that he had been shoved to the ground and then quickly to get up, pulled himself up on the straps of Officer Bullard. Is that, I mean, is there, is that open for interpretation? That is my recollection. That is my recollection of the video, that he gets pushed down to the ground. But this is very quick. You know, it's a matter of one second. He pops right back up and with pulling himself off with Officer Bullard's vest strap. That's my recollection of the video. And you said, we'll have the opportunity or we've had the opportunity to look at it. So I mean, we can assess that. Okay, thank you. I just wanted to angry demeanor prior to pulling on Officer Bullard as evidence of his intent. It is certainly true that he was angry and hostile. There is no question about that in his resistance to his arrest. Again, that's separate from the intent he had in pulling himself off the ground using Officer Bullard's vest. You know, there are other cases we cited, I cited in my brief, that was in the context of an angry, hostile defendant resisting an arrest, and yet the actual charged contact alleged to be physical, alleged to be insulting and provoking was not found to be knowing. This is one of those cases. His conduct of hoisting himself off the floor, it doesn't meet that standard of felony liability. It was the distinguishing feature here of what constitutes physical contact that actually rises to the level of that felony liability and meets that standard of insulting or provoking. It has to be contact undertaken with some deliberate act of conveying hostility and aggression. And the reality is that there is often some physical contact inherent in resisting or of insulting or provoking physical contact. You know, it can't be the case that in every instance of physically resisting one's arrest, that constitutes insulting or provoking physical contact because then the class A offense of resisting or obstructing would, for the most part, just cease to exist. You'd always have class two aggravated battery. I think what you need here is the distinguishing feature is that deliberate act of aggression, and we don't have that here. It is true that there's a deferential standard of review here, but I think that it's significant that there is a video. There are other cases where the reviewing court has rejected the findings of fact below because those findings were contradicted by video evidence, and the reviewing court can view the video evidence just as well as the trial court or jury can. So, you know, the factual findings, it's a deferential standard of review, but the findings of fact are not unreviewable by any means, and this court should not hesitate to reverse the jury's findings if they're at odds with the video evidence that this court can view for this for itself, which I believe that they are in this case. And so for those reasons, if there are no other questions from this court, I'd ask that you reverse Mr. Ford's conviction. Any other questions, Justice McCain? No questions. Justice Barberis? No questions, but I would say that both parties did a fine job of arguing this case. Thank you. Yes. Thank you, Mr. Bowerman. Good job on your first case. Yeah, thank you, Your Honor. I appreciate it. Court will take the matter under advisement and issue its decision in due course.